# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON BERG,<br><br>        Plaintiff,<br><br>  v.<br><br>I. GUERRA, *et al.*<br><br>        Defendants. | Case No. 1:14-cv-01112-DAD-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CASE FOR FAILURE TO PROSECUTE** |

    Plaintiff Jason Berg is a prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initially filed his complaint on July 16, 2014. (ECF No. 1.) On October 26, 2015, Plaintiff filed a First Amended Complaint (ECF No. 12), which was screened by the Court. The Court found service of the First Amended Complaint appropriate and instructed Plaintiff to submit service documents on January 10, 2017. (ECF No. 24.) Plaintiff did not submit the service documents within 30 days, as directed.

    On March 6, 2017, the Court issued an Order to Show Cause why the action should not be dismissed for Plaintiff's failure to submit the service documents as ordered. (ECF No. 25.) Plaintiff was provided thirty days to respond to the Order to Show Cause and was warned that a failure to respond to the Order would "result in the dismissal of this action." Over forty-five days have now elapsed and Plaintiff has not filed any response to the Order to Show Cause, nor has he submitted the documents required to serve his complaint.

1

To determine whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), *citing Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" *id., quoting Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999), and here, the action has been pending since July 16, 2014. Plaintiff has been instructed to submit documents required to serve his complaint on defendants, but has failed to do so. This reflects Plaintiff's lack of interest in prosecuting this case. The Court cannot continue to expend resources on a case that Plaintiff has no interest in litigating. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.*, *citing Yourish*, 191 F.3d at 991. However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.*, and it is Plaintiff's failure to submit documents for service that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. Thus, they would not induce compliance. Plaintiff has also been warned on at least two occasions that a failure to obey court orders will result in dismissal, satisfying the requirement that the Court consider alternatives. *Ferdik*, 963 F.2d at 1262.

Because public policy favors disposition on the merits, this factor will always weigh against dismissal. *Id*. at 643. This factor alone, however, is not dispositive by itself.

Plaintiff was warned that a failure to file an amended complaint would result in the dismissal of his action. (ECF Nos. 24, 25.) Accordingly, this case should be dismissed.

Based on the foregoing, the Court RECOMMENDS that:

1. This action be DISMISSED without prejudice for Plaintiff's failure to comply with the Court's orders issued on January 10, 2017 and March 6, 2017 and for Plaintiff's failure to prosecute this action; and,

2. The Clerk of Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 21, 2017**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE